UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

JACINTO REYES SILVA, PANFILO
ESPINOBARROS, SALVADOR REYES
SILVA, SERGIO CANDIA, SIXTO
GALINDO, and VICTORIANO ROGELIO,
individually and on behalf of others similarly
situated,

                       Plaintiffs,

- against -

LEGEND UPPER WEST LLC (d/b/a
LEGEND UPPER WEST), MIN XING
WANG, and DINGGEN WANG,

                       Defendants.

**ORDER**

16 Civ. 3552 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs filed this action against Defendants Legend Upper West Side LLC, Min Xing Wang, and Dinggen Wang, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Am. Cmplt. (Dkt. No. 11)) Plaintiffs Jacinto Reyes Silva, Salvador Reyes Silva, Sergio Candia, Sixto Galindo, and Victoriano Regelio[1] were employed as delivery workers and dishwashers at the Legend Upper West, a Chinese restaurant owned by Defendants. Plaintiffs seek to recover unpaid regular and overtime wages, spread of hours pay, liquidated damages, damages for failure to provide wage statements, pre- and post-judgment interest, and attorneys' fees and costs. (Id. ¶¶ 1-3, 19-25, 189-227)

        On April 13, 2018, this Court entered a default judgment against Defendants Dinggen Wang and Legend Upper West Side LLC. (Dkt. No. 77) On August 6, 2018, this Court

---

[1] Plaintiff Panfilo Espinobarros's claims were dismissed on August 8, 2018. (Dkt. No. 90)

conducted a bench trial as to Defendant Min Xing Wang, and found in favor of Plaintiffs as to all claims, except for the claim for violation of the unauthorized deduction provisions of the NYLL. (Sept. 14, 2021 Order (Dkt. No. 100) at 26)[2]  On September 13, 2021, this Court referred this case to Magistrate Judge Katharine H. Parker for an inquest into damages, attorneys' fees, and costs. (Dkt. No. 101; see also Dkt. No. 77)  Pending before this Court is Judge Parker's Report and Recommendation ("R&R") regarding the appropriate amount of interest, attorneys' fees, and costs. (See R&R (Dkt. No. 129))

## BACKGROUND

The Clerk of Court issued Certificates of Default as to Defendants Legend Upper West Side LLC and Dinggen Wang on January 30, 2018. (Cert. of Default (Dkt. Nos. 61-62))  This Court ordered these Defendants to show cause on April 13, 2018 why a default judgment should not be entered against them. (Dkt. Nos. 71, 74)  These Defendants filed no opposition to Plaintiffs' motion for a default judgment, and did not appear on that date. (See Order of Default (Dkt. No. 77) at 2)  Accordingly, on April 13, 2018, this Court entered a default judgment against Defendants Legend Upper West Side LLC and Dinggen Wang. (Id.)

On August 6, 2018, this Court conducted a bench trial as to Defendant Min Xing Wang, and found in favor of Plaintiffs as to all claims, except for the claim for violation of the unauthorized deduction provisions of the NYLL. (Sept. 14, 2021 Order (Dkt. No. 100) at 26)  This Court found Defendant Min Xing Wang liable for a total of $449,076 in damages, including: (1) $115,044.64 to Plaintiff J. Silva; (2) $146,154.84 to Plaintiff S. Silva; (3) $80,016.12 to Plaintiff Candia; (4) $66,160 to Plaintiff Galindo; and (5) $41,700.40 to Plaintiff

---

[2] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Rogelio. (Id.) This Court directed the parties to submit briefs concerning an appropriate award of pre-judgment interest and attorneys' fees and costs. (Id.)

On September 13, 2021, this Court referred this case to Judge Parker for an inquest into attorneys' fees, costs, and pre-judgment interest. (See Dkt. No. 101; see also Dkt. No. 77) On September 15, 2021, Judge Parker directed Plaintiffs to submit an inquest memorandum setting forth Plaintiffs' proposed findings of fact and conclusions of law. (Dkt. No. 102) On September 23, 2021, Plaintiffs moved for an award of attorneys' fees and costs, and provided briefing concerning their proposed calculation of pre-judgment interest. (Dkt. Nos. 106-08) On November 5, 2021, Plaintiffs made additional submissions as to pre-judgment interest and attorneys' fees and costs. (See Dkt. Nos. 114-17) An inquest hearing was held on January 6, 2022. Plaintiffs submitted an additional request for attorneys' fees and costs associated with the time spent preparing for the inquest hearing. (Dkt. No. 128)

On January 7, 2022, Judge Parker issued a thorough R&R, recommending that this Court award Plaintiffs pre-judgment interest in the following amounts: (1) $28,879.23 to Plaintiff J. Silva; (2) $40,145.68 to Plaintiff S. Silva; (3) $18,550.03 to Plaintiff Candia; (4) $14,742 to Plaintiff Galindo; and (5) $8,203.23 to Plaintiff Rogelio. (R&R (Dkt. No. 129) at 3-4) Judge Parker also recommends that this Court award Plaintiffs $41,905 in attorneys' fees and $5,293.90 in costs. (Id. at 4-11) As to post-judgment interest, Judge Parker recommends that post-judgment interest "be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. (Id. at 11-12)

Judge Parker's R&R states that the parties "shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. §

3

636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." (See id. at 13 (emphasis omitted)) The R&R makes clear that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal." (Id. (emphasis and citations omitted))

The R&R directs Plaintiffs to serve a copy of the R&R on "Defendant [Min Xin Wang]" by January 21, 2022. (See id. at 12) Plaintiffs filed certificates of service attesting that the R&R had been mailed to Defendant Min Xin Wang on January 7, 2022. (Dkt. Nos. 130-31) Plaintiffs also filed an affidavit of service attesting that the R&R had been personally delivered to Defendant Min Xin Wang on January 18, 2022. (Dkt. No. 132) Neither side has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

4

## DISCUSSION

As noted, the R&R recites the requirement that, "pursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b) of the Federal Rules of Civil Procedure," the parties "shall have fourteen days from the service of this Report and Recommendation to file written objections." (R&R (Dkt. No. 129) at 13 (emphasis omitted))  The R&R further states that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal." (Id. (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Parker's R&R.

Because neither side filed objections to Judge Parker's R&R, the parties have waived judicial review.  The Court has, however, reviewed Judge Parker's thirteen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Parker's R&R will be adopted in its entirety.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety and pre-judgment interest is awarded in the following amounts: (1) $28,879.23 to Plaintiff J. Silva; (2) $40,145.68 to Plaintiff S. Silva; (3) $18,550.03 to Plaintiff Candia; (4) $14,742 to Plaintiff Galindo; and (5) $8,203.23 to Plaintiff Rogelio. Post-judgment interest is awarded using the federal rate set forth in 28 U.S.C. § 1961, calculated from the date the Clerk of Court enters judgment in this action until the date of payment. Plaintiffs are awarded $41,905 in attorneys' fees and $5,293.90 in costs. The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
      September 22, 2022

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge