UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACINTO REYES SILVA, PANFILO ESPINOBARROS, SALVADOR REYES SILVA, SERGIO CANDIA, SIXTO GALINDO, and VICTORIANO ROGELIO, individually and on behalf of others similarly situated,

                    Plaintiffs,

- against -

LEGEND UPPER WEST LLC (d/b/a LEGEND UPPER WEST), MIN XING WANG, and DINGGEN WANG,

                    Defendants.

**ORDER**

16 Civ. 3552 (PGG) (KHP)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Jacinto Reyes Silva, Panfilo Espinobarros, Salvador Reyes Silva, Sergio Candia, Sixto Galindo, and Victoriano Rogelio filed this action against Defendants Legend Upper West LLC, Min Xing Wang, and Dinggen Wang, for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Am. Cmplt. (Dkt. No. 11)) Plaintiffs Jacinto Reyes Silva, Salvador Reyes Silva, Sergio Candia, Sixto Galindo, and Victoriano Regelio[1] were employed as delivery workers and dishwashers at Legend Upper West, a Chinese restaurant owned by Defendants. The Amended Complaint seeks recovery of unpaid regular and overtime wages, spread of hours pay, liquidated damages, damages for failure to provide wage notice and wage statements, and damages for equipment costs, as well as pre- and post-judgment interest and an award of attorneys' fees and costs. (Id. ¶¶ 1-3, 19-25, 189-227)

---

[1] Plaintiff Panfilo Espinobarros's claims were dismissed on August 8, 2018. (Dkt. No. 90)

**PROCEDURAL HISTORY**

The Clerk of Court issued Certificates of Default as to Defendants Legend Upper West LLC and Dinggen Wang on January 30, 2018. (Cert. of Default (Dkt. Nos. 61-62)) This Court ordered these Defendants to show cause on April 13, 2018, why a default judgment should not be entered against them. (Dkt. Nos. 71, 74) These Defendants filed no opposition to Plaintiffs' motion for a default judgment, and did not appear for the scheduled hearing. (See Order of Default (Dkt. No. 77) at 2)[2] Accordingly, on April 13, 2018, this Court entered an order of default against Defendants Legend Upper West LLC and Dinggen Wang. (Id.)

On August 6, 2018, this Court conducted a bench trial as to Defendant Min Xing Wang, and found in favor of Plaintiffs as to all claims, except for their claim for unauthorized deductions. (Aug. 6, 2018 Minute Entry; Sept. 14, 2021 Order (Dkt. No. 100) at 26) This Court found Defendant Min Xing Wang liable for a total of $449,076 in damages, including: (1) $115,044.64 in damages for Plaintiff J. Silva; (2) $146,154.84 in damages for Plaintiff S. Silva; (3) $80,016.12 in damages for Plaintiff Candia; (4) $66,160 in damages for Plaintiff Galindo; and (5) $41,700.40 in damages for Plaintiff Rogelio. (Sept. 14, 2021 Order (Dkt. No. 100) at 26) This Court directed the parties to submit briefing concerning appropriate awards for pre-judgment interest and attorneys' fees and costs. (Id.)

On September 13, 2021, this Court referred this case to Judge Parker for an inquest into attorneys' fees, costs, and pre-judgment interest. (See (Dkt. No. 101); see also (Dkt. No. 77)) On January 7, 2022, Judge Parker issued a thorough R&R, recommending that this Court award Plaintiffs pre-judgment interest in the following amounts: (1) $28,879.23 to

---

[2] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Plaintiff J. Silva; (2) $40,145.68 to Plaintiff S. Silva; (3) $18,550.03 to Plaintiff Candia; (4) $14,742 to Plaintiff Galindo; and (5) $8,203.23 to Plaintiff Rogelio. (R&R (Dkt. No. 129) at 3-4) Judge Parker also recommended that this Court award Plaintiffs $41,905 in attorneys' fees and $5,293.90 in costs. (Id. at 4-12) As to post-judgment interest, Judge Parker recommended that post-judgment interest "be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. (Id. at 11-12) On September 22, 2022, this Court adopted Judge Parker's R&R in its entirety, and directed the Clerk of Court to enter judgment, and to close the case. (Sept. 22, 2022 Order (Dkt. No. 133) at 6) On September 27, 2022, judgment was entered. (Jgmt. (Dkt. No. 135) at 1)

On October 11, 2022, Judge Parker held a conference – at Plaintiffs' request – regarding the judgment that had been entered. (Oct. 11, 2022 Minute Entry) That same day, Judge Parker directed Plaintiffs to submit a motion and accompanying memorandum of law in support of their request that the defaulting Defendants be held jointly and severally liable with Defendant Min Xing Wang for certain damages, including liquidated damages. (Oct. 11, 2022 Order (Dkt. No. 138))

On November 11, 2022, Plaintiffs moved to reopen this case, and requested that this Court find that Defendants Legend Upper West LLC and Dinggen Wang are jointly and severally liable with Defendant Min Xing Wang for the damages awarded after trial, including the liquidated damages award. (Pltf. Mot. (Dkt. No. 141); Pltf. Supp. Br. (Dkt. No. 142))

On January 31, 2023, Judge Parker issued an R&R recommending that Plaintiffs' "motion be granted and the judgment be modified to clarify that [the] [d]efaulting Defendants Dinggen [Wang] and Legend [Upper West LLC] are jointly and severally liable for the

3

liquidated damages award to Plaintiffs after trial," in the amount of $197,489.10. (R&R (Dkt. No. 145) at 3-4)

Judge Parker finds that the Amended Complaint "alleges that Plaintiffs were employed by Legend [Upper West LLC] and that Dinggen [Wang] possessed operational control over the restaurant and determined the rate and method of compensation for Plaintiffs," and that "Dinggen [Wang] had authority to hire and fire Plaintiffs and otherwise control the terms and conditions of their employment." (Id. at 3 (citing Am. Cmplt. (Dkt. No. 11) ¶¶ 2, 25, 27, 28, 30, 32, 36)) Judge Parker notes that, "[b]ased on similar allegations, courts routinely find that the employment entity and an individual with the asserted control over employment that Dinggen [Wang] had over Plaintiffs qualify as 'employers' under the FLSA and NYLL." (Id. (citing Slamna v. API Rest. Corp., No. 12 Civ. 757 (RWS), 2012 WL 2979067, at *3 (S.D.N.Y. July 20, 2012)) Moreover, "by their default, the [d]efaulting Defendants have admitted their status as Plaintiffs' employers." (Id. (citing Victor v. Sam's Deli Grocery Corp., No. 19 Civ. 2965 (SLC), 2022 WL 3656312, at *4 (S.D.N.Y. Aug. 25, 2022))

Judge Parker further finds that "the FLSA and NYLL provide for joint and several liability," and that, accordingly, "it is proper to hold [the] [d]efaulting Defendants jointly and severally liable with Defendant Min [Xing Wang] for the liquidated damages previously awarded by the Court." (Id. (citing Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 686 (S.D.N.Y. 2011))

On February 14, 2023, Plaintiffs filed objections to Judge Parker's R&R, stating that, "[i]n addition to liquidated damages, . . . Plaintiffs respectfully request the Court to hold Defendants jointly and severally liable for all of Plaintiffs' monetary damages, and to enter an amended judgment." (Pltf. Obj. (Dkt. No. 146) at 3)

On February 23, 2023, Judge Parker issued a supplemental R&R recommending that

> the judgment be modified to clarify that [the] [d]efaulting Defendants are jointly and severally liable with Defendant Min [Xing Wang] for all monetary damages that were awarded to Plaintiffs after trial, including compensatory damages, statutory damages, liquidated damages, recovery of equipment costs, pre- and post-judgment interest, and attorneys' fees and costs, for a total amount of $559,543.37, in accordance with Plaintiffs' proposed amended judgment.

(Supp. R&R (Dkt. No. 149) at 2 (emphasis omitted))  Judge Parker finds that, "for the same reasons provided in the [January 31, 2023] R&R, it is also proper to hold [the] [d]efaulting Defendants jointly and severally liable with Defendant Min [Xing Wang] for the other monetary damages previously awarded by the Court." (Id. (citing Pineda, 831 F. Supp. 2d at 686))

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

5

## DISCUSSION

Here, the February 23, 2023 supplemental R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> **The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**
>
> . . . .
>
> **The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).**

(Supp. R&R (Dkt. No. 149) at 3 (emphasis in original)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the supplemental R&R.

Because no party has filed objections to Judge Parker's February 23, 2023 supplemental R&R, the parties have waived judicial review. This Court has, however, reviewed Judge Parker's January 31, 2023 R&R and February 23, 2023 supplemental R&R, and finds the January 31, 2023 R&R, as amended by the February 23, 2023 supplemental R&R, to be thorough, well-reasoned, and free of any clear error.

Accordingly, Judge Parker's January 31, 2023 R&R is adopted, as amended by her February 23, 2023 supplemental R&R.

## **CONCLUSION**

For the reasons stated above, the January 31, 2023 R&R is adopted, as amended by the February 23, 2023 supplemental R&R. An Amended Judgment will be entered separately. The Clerk of Court is directed to terminate the motion at Dkt. No. 141.

Dated: New York, New York
      August 18, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge